924 P.2d 925 (1996)
83 Wash.App. 407
Bryan T. WATERS and Stephanie D. Waters, husband and wife, Plaintiffs,
v.
PUGET SOUND POWER AND LIGHT COMPANY, d/b/a Puget Power, a Washington corporation, Appellant,
v.
TCI CABLEVISION OF WASHINGTON, INC., a Washington corporation, Respondent.
No. 37385-4-I.
Court of Appeals of Washington, Division 1.
September 3, 1996.
*926 Charles C. Gordon, Jeffrey I. Tilden, Gordon Murray & Tilden, Seattle, Deborah J. Phillips, Douglas W. Greene, Perkins Coie, Seattle, for appellant.
Karen Southworth Weaver, George S. Martin, Gary A. Sparling, Aiken, St. Louis & Siljeg, P.S., Seattle, for respondent.
BAKER, Chief Judge.
Puget Sound Power & Light Company appeals summary judgment dismissal of its claim for indemnity from TCI Cablevision of Washington, Inc. Puget Power argues that the indemnity clause in its agreement with TCI entitles it to indemnity against a suit for personal injury damages by a TCI employee. The Workers' Compensation Act grants employers immunity from claims by employees arising out of workplace injuries. An employer may waive its immunity by indemnifying another entity with potential liability to the injured employee, but the indemnification must expressly waive employer immunity to be effective. We are asked to decide whether TCI expressly waived its employer immunity by indemnifying Puget Power for "any and all claims" arising out of its use of Puget Power's utility poles. We hold that it did not, and affirm.

DISCUSSION
The Supreme Court dealt squarely with the effect of indemnity provisions in a personal injury suit brought by the indemnitor's employee in Brown v. Prime Construction Co., Inc.[1] The court held that an indemnity provision does not encompass such suits unless it "clearly and specifically contains a waiver of the immunity of the workers' compensation act, either by so stating or by specifically stating that the indemnitor assumes potential liability for actions brought by its own employees."[2] Puget Power argues that Brown should not defeat its indemnity claim because the intent of both parties that the indemnity provision encompass employee claims is clear from the general, all-inclusive language of the provision. This argument fails because Brown requires a specific expression of intent to waive employer immunity. The general provision in the contract between Puget Power and TCI does not meet this test.[3]
Puget Power alternatively asserts that the Supreme Court's recent contract interpretation cases conflict with its earlier decision in Brown. Neither of these latter "interpretation" cases cited by Puget Power deals with the issue of indemnification for employee suits, and thus they do not create a conflict with Brown. Scott Galvanizing, Inc. v. Northwest EnviroServices, Inc.[4] dealt with a CERCLA indemnification, and the issue in Berg v. Hudesman[5] was the meaning of the rent payment clause in a ground lease.
Nor do the other indemnification cases cited by Puget Power support its argument that the language of the indemnification provision in its contract with TCI effectively waives TCI's employer immunity. For example, the indemnitor in Tri-M Erectors, Inc. v. Donald *927 M. Drake Co.[6] did not argue that it could not be held liable for injuries to its employee. Tri-M instead argued that it could not be liable for defense costs where the indemnitee, Drake, was the only entity alleged to be negligent.[7] The case did not involve the question of whether the indemnity provision encompassed employee suits. Thus, the Brown court's attempt to distinguish Tri-M because its indemnity agreement specifically provided for actions involving employees was inaccurate.[8] Puget Power's reference to that language in Brown avails it nothing.
Contrasting the indemnification language in Riggins v. Bechtel Power Corp.[9] and Calkins v. Lorain Division of Koehring Co.[10] also does not aid Puget Power with its argument. Contrary to Puget Power's assertion, the court rejected the indemnification claim in Riggins because it lacked any language referring to actions brought by employees, not because it referred to employee negligence.[11]Riggins is not distinguishable from the present case in that respect. The court's rejection of the indemnification claim in Calkins was due to factors other than the lack of language which could constitute a waiver of employer immunity, although the court did note that "such an intent should be clearly expressed in the agreement."[12]
These cases are not distinguishable based on subtle language differences. A waiver of employer immunity must be clearly expressed. Because no such expression is made in the indemnification agreement between Puget Power and TCI, we affirm the trial court's summary judgment dismissal of Puget Power's indemnity claim.
GROSSE and AGID, JJ., concur.
NOTES
[1] 102 Wash.2d 235, 684 P.2d 73 (1984).
[2] Brown, 102 Wash.2d at 239-40, 684 P.2d 73.
[3] Puget Power's argument that the analysis in Brown should not apply simply because the contract was originally executed before Brown is disingenuous. Brown itself applied to a contract executed before the opinion was filed. RCW 4.24.115(2), which codifies the rule in Brown, is not applicable because it expressly applies only to agreements entered into after June 11, 1986.
[4] 120 Wash.2d 573, 575, 844 P.2d 428 (1993).
[5] 115 Wash.2d 657, 659, 801 P.2d 222 (1990).
[6] 27 Wash.App. 529, 618 P.2d 1341 (1980), review denied, 95 Wash.2d 1002 (1981).
[7] Tri-M, 27 Wash.App. at 532, 618 P.2d 1341.
[8] Brown, 102 Wash.2d at 240, 684 P.2d 73.
[9] 44 Wash.App. 244, 722 P.2d 819, review denied, 107 Wash.2d 1003 (1986).
[10] 26 Wash.App. 206, 613 P.2d 143 (1980).
[11] Riggins, 44 Wash.App. at 256, 722 P.2d 819.
[12] Calkins, 26 Wash.App. at 209, 613 P.2d 143.